IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SOUTH TEXAS ELECTRIC COOPERATIVE, INC. §<br>§<br>*Plaintiff*, §<br>§<br>vs. §<br>§<br>CG POWER SYSTEMS CANADA, INC., §<br>PTI MANITOBA, INC., PTI HOLDINGS §<br>CORP., PARTNER TECHNOLOGIES, §<br>INC. §<br>*Defendants*. § | NO. 5:20-cv-00123 | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, DEFENDANTS PARTNER TECHNOLOGIES INCORPORATED[1] AND PTI MANITOBA INC.[2] (collectively, "PTI") and file this Notice of Removal, pursuant to 28 U.S.C. §§ 1441 and 1446, removing the above-captioned case to the United States District Court of the Western District of Texas, San Antonio Division:

### I.    STATEMENT OF GROUNDS FOR REMOVAL

1. On November 6, 2019, Plaintiff South Texas Electric Cooperative ("Plaintiff"), commenced an action in the 81st Judicial District of Karnes County, Texas by filing Plaintiffs' Original Petition and Requests for Disclosures captioned "Cause No. 19-11-00304, *South Texas Electric Cooperative, Inc v. CG Power Systems Canada, Inc., PTI Manitoba, Inc., PTI Holdings Corp., and Partner Technologies, Inc*." ("Petition"). Plaintiff alleges that it contracted with Co-Defendant CG Power Systems Canada Inc. ("CG Power"), for CG Power to provide three

---

[1] This entity was abbreviated in the pleading as Partner Technologies, Inc. Partner Technologies Incorporated and Co-Defendant PTI Manitoba Inc. were amalgamated into PTI Transformers Inc.
[2] PTI Manitoba Inc. does not bear a comma between "Manitoba" and "Inc."

transformers, one of which failed within a five year minimum guarantee period. Plaintiff also alleges that PTI Manitoba, Inc., PTI Holdings Corp., and Partner Technologies, Inc. acquired CG Power.

2. The state court action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b), in that it is a civil action wherein the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and diversity of citizenship exists between the properly joined parties, which is apparent from the Petition, which names only Canadian entities as defendants.

## II.  PROCEDURAL REQUIREMENTS FOR REMOVAL

3. Upon filing this Notice of Removal of the cause, PTI gave written notice of the filing to the Plaintiff and Plaintiff's counsel as required by law. A copy of this Notice is also being filed with the clerk of the Court in Karnes County, Texas where this cause was originally filed. A copy of all processes, pleadings, and orders are included with this notice pursuant to 28 U.S.C. § 1446(b).

4. Removal is timely as PTI Manitoba Inc., the first defendant to be served, received the Petition and summons on January 9, 2020, which is less than 30 days before the filing of this Notice of Removal. 28 U.S.C. § 1446(b).

5. In accordance with 28 U.S.C. § 1446(a), an index of all documents filed with this Notice is attached as Exhibit 1. All executed process in the case, any pleadings, and any orders signed by the state judge in the state court action with Cause No. 19-11-00304 are attached as Exhibit 2; a copy of the docket in the state court action with 19-11-00304 is attached to this Notice as Exhibit 3; and a list of all counsel of record, including addresses, telephone numbers, and parties represented in the state court case is attached as Exhibit 4.

6. Pursuant to 28 U.S.C. § 1446(d), PTI will file a Notice of Filing of Removal with the state court.

7. Pursuant to Federal Rule of Civil Procedure 11, undersigned counsel certifies that he has read this Notice of Removal, that to the best of his knowledge, information, and belief, formed after a reasonable inquiry, it is well-grounded in fact and is warranted by existing law or good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose.

8. All properly joined and served Defendants join this pleading and/or consent to the removal of this action. *See* Notice of Consent to Removal, *infra* at page 6. Consent from PTI Holdings Corp. is not necessary because it has not yet been properly served, but that entity consents to removal as well. *See* Notice of Consent to Removal, *infra* at page 7; *see also Getty Oil Corp., Div. of Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262-63 (5th Cir. 1988) ("[A]ll defendants who are properly joined *and served* must join the removal petition[]") (emphasis added); *see also KLN Steel Prods. Co. v. CNA Ins. Cos.*, No. SA-06-CA-0709-XR, 2006 U.S. Dist. LEXIS 80879, at *6 (W.D. Tex. Nov. 6, 2006) ("All properly joined defendants must join in the removal or the petition is defective. . . . Joinder is not required of defendants who have not been served at the time the notice of removal is filed[]"); *Milstead Supply Co. v. Cas. Ins. Co.*, 797 F. Supp. 569, 573 (W.D. Tex. 1992) ("[T]his Court holds joinder in or consent to the removal petition must be accomplished by only those defendants: (1) who have been served; and (2) whom the remaining defendant actually knew or should have known had been served[]").

### III.   VENUE

9. Venue is proper pursuant to 28 U.S.C. § 1446(a) because this district and division embrace the county where the removed action was pending at the time of removal.

## IV. PARTIES

10. According to the Petition, Plaintiff is a Texas corporation doing business in the state of Texas.

11. The Petition also alleges that all defendants are foreign corporations located in Canada.

12. Defendant PTI Manitoba, Inc. was a Canadian corporation with its principal place of business in Canada, and was amalgamated into PTI Transformers Inc., which is also a Canadian corporation with its principal place of business in Canada. PTI Manitoba, Inc. was served with the citation and petition pursuant to article 5 of the Hague Convention, via a Request for Service Abroad of Judicial or Extrajudicial Documents, which was directed to the Manitoba Department of Justice, and then service was accepted on behalf of this entity by attorney Jody Langhan on January 9, 2020.

13. Subsequently, Defendant Partner Technologies Incorporated was served at 1155 Park Street, Regina, Saskatchewan, Canada S4N 4Y8. Partner Technologies Incorporated does not contest the method of service. Partner Technologies Incorporated was a Canadian corporation with its principal place of business in Canada, and was amalgamated into PTI Transformers Inc., which is also a Canadian corporation with its principal place of business in Canada.

14. The pleading alleges that Defendant PTI Holdings Corp., which has not yet been properly served, is a Canadian corporation.

15. Defendant CG Power is a Canadian corporation with its principal place of business in Canada. Upon information and belief, an individual listed as a director of CG Power was served at his home, and CG Power does not contest that it has been served with the Petition.

## V. PLAINTIFFS' ALLEGATIONS

16.     Plaintiff alleges that it entered into a contract with CG Power to purchase three transformers, and that the contract guaranteed the transformer for a five-year period, during which STEC could reject the transformer for certain reasons. Plaintiff alleges that it discovered one of the three transformers had failed and sustained material damage and thus notified Defendants it was rejecting the transformer, demanding Defendants repair or replace the transformer. Plaintiff alleges Defendants did not do so. Plaintiff has alleged causes of action for strict liability, negligence, breach of express warranty, breach of contract, and breach of the implied warranty of merchantability, seeking $1,934,412.79 in damages in this lawsuit, plus interest, attorneys' fees, and costs.

## VI. AMOUNT IN CONTROVERSY

17.     The amount in controversy, as alleged in the pleading, exceeds $1.9 million.

WHEREFORE, PREMISES CONSIDERED, Defendants **PTI MANITOBA, INC. and PARTNER TECHNOLOGIES INCORPORATED** pray that upon final hearing hereof, Plaintiffs take nothing by reason of this suit and that Defendants go hence without delay, and for such other and further relief, both general and special, legal and equitable, to which they may be justly entitled.

Respectfully submitted,

**MUNSCH HARDT KOPF & HARR, PC.**

/s/ *Greg C. Noschese*
Greg C. Noschese
Texas Bar No. 00797164
gnoschese@munsch.com
Courtney L. Sauer
Texas Bar No. 24066026
E-mail: csauer@munsch.com
500 N. Akard Street, Ste. 3800
Dallas, Texas 75201-6659
Tel: (214) 880-1004
Fax: (214) 855-7584

ATTORNEY FOR DEFENDANTS PTI MANITOBA, INC. AND PARTNER TECHNOLOGIES INCORPORATED

### Notice of Consent to Removal

My name is George Partyka. I am the Chief Executive Officer of PTI Holdings Corporation and have the authority to consent to removal on behalf of Defendant PTI Holdings Corp. I certify that I consent to the removal of this lawsuit.

Signed: _____   Dated: Feb 3, 2020

## Notice of Consent to Removal (Cont'd)

My name is  James Commodore         .  I am  Authorized Signatory  at Defendant CG Power Systems, Inc. and have the authority to consent to removal on its behalf.  I certify that I have reviewed the above pleading and consent to the removal of this lawsuit.

Signed: _____   Dated: 2/3/2020

## CERTIFICATE OF SERVICE

I certify that on the 3rd day of February, 2020**,** a true and correct copy of the foregoing instrument was served upon all counsel of record, pursuant to the Texas Rules of Civil Procedure, by email, electronic e-service, fax or certified mail**,** as follows:

Hobart M, Hind, Jr.
Butler Wiehmuller Katz Craig, LLP
18383 Preston Road, Suite 400
Dallas, Texas 75252

    *Greg C. Noschese*
    Greg C. Noschese